
FILED
MAR 23 ?
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEVONETTE A. THOMAS

**Plaintiff,**

v.                                                                CIVIL ACTION NO. 2:17cv518

NORFOLK SOUTHERN CORP.,

**Defendant.**

## *MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on Norfolk Southern Corporation's ("Defendant") Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the lawsuit Devonette A. Thomas ("Plaintiff") has filed. Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 27, 2017, Plaintiff, through counsel, filed a Complaint against Defendant. ECF No. 1. Plaintiff worked for Defendant from 2004 to 2011 as an Assistant Manager in the Intermodal Traffic Delivery Division. Plaintiff alleges that Defendant paid her less in salary than Defendant paid her white, male colleagues, including Lou Latham and Mark Knudson. Both Latham and Knudson also worked as Assistant Managers of Traffic Delivery. Plaintiff alleges that Defendant paid Latham and Knudson 33% and 19.5%, respectively, more than it paid Thomas, despite employing all three in the same capacity. Thomas challenges this conduct as discriminatory, and asserts that Defendant's actions violated her rights under Title VII of the

Civil Rights Act of 1964.

On December 1, 2017, Defendant filed the instant Motion to Dismiss, requesting that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. ECF No. 6. Plaintiff did not file a response to Defendant's Motion. ECF No. 10.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969). Although a complaint need not contain detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the factual allegations alleged by the plaintiff do not nudge the plaintiff's claims "across the line from conceivable to plausible, the plaintiff's complaint must be dismissed." *Id.* at 570.

For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

Plaintiff alleges in Count I of her Complaint that Defendant discriminated against her based on her race and gender because Defendant "paid Thomas less than her white male

2

counterparts, who performed the same job" from 2008 to 2011. Norfolk Southern contends that the Court should grant the Motion to Dismiss because Plaintiff filed her employment discrimination claim after the statutory time limit for this claim.

Under Title VII of the Civil Rights Act of 1964, employees must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days before bringing a civil suit against their employer. 42 U.S.C. § 2000e-5(e)(1) (2009). This limit is extended to 300 days in states, including Virginia, that have a deferral agency. *Id.* If the employee does not file such a charge with the EEOC within this 300 day time limit, they are "forever barred from Title VII relief." *Edwards v. Murphy-Brown, LLC*, 760 F. Supp. 2d 607, 618 (E.D. Va. 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002)). The Fourth Circuit has upheld strict adherence to time limits on discrimination claims because to do otherwise would violate Congress' clear intent. *Hamilton v. 1st Source Bank*, 928 F.2d 86, 87-88 (4th Cir. 1990).

Defendant argues that the Civil Rights Act requires employees to exhaust the administrative remedies available by filing timely charges of discrimination with the EEOC prior to bringing a civil suit in court. Defendant further argues that, as the Supreme Court has recognized, time limits placed on discrimination claims begin tolling at the time the alleged discriminatory conduct happened, not when the litigant later discovers the alleged discrimination.

Defendant contends that Plaintiff's claim fails because Plaintiff did not file a discrimination charge with the EEOC relating to this unequal pay until June 16, 2014, almost three years after the alleged discriminatory conduct ceased. Defendant further contends that Plaintiff fails to state claim upon which relief can be granted because Plaintiff's Complaint is premised on an alleged violation of Title VII that is statutorily time-barred.

The Court finds that Plaintiff's claim is time-barred. Count I of Plaintiff's Complaint alleges that Plaintiff suffered harm based on unequal pay between 2008 and 2011. Under Title VII, Plaintiff must file a charge with the EEOC regarding that discriminatory conduct, within 300 days after the conduct in question occurred, in order to assert Title VII relief. Plaintiff did not file a charge with the EEOC until June 16, 2014. In that charge, the only reference to unequal pay reads, "I believe I was . . . paid lesser wages than my white male counterparts because of my race (black) and sex (female)." ECF No. 7. The charge further states that it relates to discrimination that occurred between November 2013 and June 2014, however, the conduct alleged in Count I of Plaintiff's Complaint ceased in November 2011. On its face, the EEOC charge that Plaintiff filed does not cover the discriminatory conduct that she alleges in Count I.

Although the Plaintiff's charge preserved her right to request relief under Title VII for the conduct specified in that charge, the Plaintiff failed to comply with the statutory requirement that she file a timely complaint, within the 300 day limit, with the EEOC relating to the conduct alleged in Count I. Therefore, Plaintiff's claim is time-barred under Title VII of the Civil Rights Act of 1964 because she failed to exhaust the administrative remedy available to her through the EEOC, and Plaintiff fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 23, 2018

Raymond A. Jackson
United States District Judge

4